IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:14-CV-160-BO

| | |
|---|---|
| NEAL ADVIN POWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAPE FEAR VALLEY HOSPITAL, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM &**<br>**RECOMMENDATION** |

Plaintiff, an inmate at the Cumberland Detention Center, in Fayetteville, North Carolina, filed a complaint against Defendant, alleging a state tort negligence claim. This matter has been referred to the undersigned to conduct a frivolity review pursuant to 28 U.S.C. § 1915(e)(2), which requires the Court to dismiss any or all part of an action found to be frivolous or malicious, or which fails to state a claim upon which relief can be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's complaint, liberally construed with all factual allegations assumed to be true, fails to state a cognizable claim that falls within the scope of this Court's limited jurisdiction. Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Here, the essential allegations contained in Plaintiff's complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not assert that Defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint. Although the form Plaintiff used is titled "Form to be used by a state prisoner in filing a complaint under the Civil Rights Act, 42 U.S.C. 1983," *see* DE-1 at 1, Plaintiff nowhere alleges facts in support of a Section 1983 claim. To state a claim under section 1983, a plaintiff must allege sufficient facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state-action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (noting that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement). Thus, a "person charged [under section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Here, Plaintiff sues a private hospital and nowhere alleges that it is either a state actor or has a close relationship with state actors. Accordingly, this Court lacks jurisdiction under 28 U.S.C. § 1331.

Instead of alleging claims arising under federal law, Plaintiff's complaint involves claims for simple negligence and medical malpractice. Generally, such issues are a matter of state law

3

to be heard in the state courts, unless diversity of citizenship is present. *See* 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). Plaintiff's complaint reveals that the named defendants are residents of North Carolina, as is Plaintiff. Accordingly, this Court lacks diversity jurisdiction under 28 U.S.C. § 1331; state court is the appropriate forum for Plaintiff's claims.

In sum, because diversity jurisdiction is lacking, and as Plaintiff's complaint states no cognizable federal claim, the undersigned RECOMMENDS that the complaint (DE-1) be dismissed for lack of subject matter jurisdiction.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, April 18, 2014.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE